# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **BUDUDE ALLISON ZAWU ROBERTS,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **MARY DE ANDA-YBARRA,** Field Office | § | |
| Director of Enforcement and Removal | § | |
| Operations, El Paso Field Office, | § | |
| Immigration and Customs Enforcement; | § | |
| **Warden,** ERO El Paso Camp East Montana | § | |
| Detention Facility; | § | **EP-26-CV-00377-DCG** |
| **TODD M. LYONS,** *in his official capacity* | § | |
| *as* Acting Director, Immigration and | § | |
| Customs Enforcement; | § | |
| **MARKWAYNE MULLIN,** *in his official* | § | |
| *capacity as* Secretary, U.S. Department of | § | |
| Homeland Security; and | § | |
| **TODD BLANCHE,** *in his official capacity* | § | |
| *as* Acting Attorney General of the United | § | |
| States, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER REQUIRING RESPONDENTS TO PROVIDE STATUS UPDATE

Petitioner Budude Allison Zawu Roberts challenges Respondents' authority to continue detaining her while they facilitate her removal from the United States.[1] Because this case relates to Petitioner's post-removal-order detention,[2] the Court must consider whether her removal is "significantly likely in the reasonably foreseeable future."[3]

---

[1] *See generally* Pet., ECF No. 1.

[2] *See generally id*.

[3] *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("[A]n alien may be held in confinement [after a removal order becomes final] until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

In particular, the Court needs to know whether and when Respondents plan to remove Petitioner from the country.  Respondents' filings to date, however, don't provide that information.[4]

The Court therefore **ORDERS** that, by **April 29, 2026**, Respondents must **ADVISE** the Court of:

(1) the specific country (if any) to which Respondents anticipate removing Petitioner;

(2) whether that country has agreed to accept Petitioner; and

(3) how long Respondents anticipate that it will take to effect Petitioner's removal to that country, including the specific steps that Respondents still need to take.

If Respondents contend that Petitioner has in some way thwarted Respondents' removal efforts, Respondents must explain the specific reason(s) for that contention.  Petitioner may respond to any such contention that she has thwarted Respondents' removal efforts **within three days** of Respondents' filing.[5]

The Court further **DIRECTS** the Clerk of Court to **SUBSTITUTE** Acting U.S. Attorney General Todd Blanche in Former Attorney General Pamela Bondi's place as a named Respondent.[6]

---

[4] *See generally* Resp'ts' Resp., ECF No. 5; Resp'ts' Suppl. Resp, ECF No. 6.

[5] *Cf.* FED. R. CIV. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[6] *Compare* Pet. at 1, with FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . .  The court may order substitution at any time . . . .").

The Court likewise **DIRECTS** the Clerk of Court to **SUBSTITUTE** Secretary

Markwayne Mullin in Former Secretary Kristi Noem's place as a named Respondent.[7]

**So ORDERED and SIGNED this 24th day of April 2026.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**

---

[7] *See supra* note 6.