**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BUDUDE ALLISON ZAWU ROBERTS,** | § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| | § | |
| **MARY DE ANDA-YBARRA,** Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; Warden, ERO El Paso Camp East Montana Detention Facility; | § § § § § § § § | **EP-26-CV-00377-DCG** |
| **TODD M. LYONS,** *in his official capacity as* Acting Director, Immigration and Customs Enforcement; | § § § | |
| **MARKWAYNE MULLIN,** *in his official capacity as* Secretary, U.S. Department of Homeland Security; and | § § § § | |
| **TODD BLANCHE,** *in his official capacity as* Acting Attorney General of the United States, | § § § § | |
| | § § | |
| *Respondents*. | § | |

## ORDER TO RESPOND TO MOTION FOR TEMPORARY RESTRAINING ORDER

On May 1, 2026, Petitioner Budude Allison Zawu Roberts moved for a temporary restraining order ("TRO"),[1] which would prevent "Respondents from removing Petitioner from the United States."[2]  That Motion's catalyst was Respondents' April 29, 2026 status update, in which they indicated that they expect to remove Petitioner to Sierra Leone in "mid [M]ay."[3]

---

[1] *See generally* Mot. TRO, ECF No. 11; *see also* Mem. ISO Mot. TRO, ECF No. 11-2.

[2] *See* Mot. TRO at 3.

[3] *See* Resp'ts' Status Update, ECF No. 10; *see also* Mot. TRO at 2–3.

Petitioner argues that Respondents never informed her of their plans to remove her to Sierra Leone.[4]  That's a problem, Petitioner argues, because the government can't lawfully remove her to Sierra Leone without first allowing her to contest those plans.[5]  She therefore asks the Court to:

(1)    temporarily enjoin Respondents from removing Petitioner from the United States;

(2)    order Respondents to show cause for continuing to detain Petitioner; and

(3)    order Petitioner's release from custody.[6]

It's unclear from the record whether Respondents intend to provide (or already provided) Petitioner the opportunity to contest her removal to Sierra Leone—which could moot the Motion. For that reason, the Court will order Respondents to respond to Petitioner's Motion.

Under the Local Rules, Respondents' response to Petitioner's TRO Motion would ordinarily be due on May 15, 2026.[7]  Given the time-sensitive nature of the relief that Petitioner requests, however, the Court sees fit to shorten that deadline.

The Court therefore **ORDERS** Respondents to respond to Petitioner's "Emergency Motion for Temporary Restraining Order" (ECF No. 11) **no later than Thursday, May 7, 2026,**

---

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[4] *See* Mot. TRO at 2–3.

[5] *See* Mem. ISO Mot. TRO at 9–12.

[6] *See* Mot. TRO at 3.

[7] *See* W.D. TEX. L.R. CV-7(D) (providing (with exceptions not applicable here) that a response to a motion "shall be filed not later than 14 days after the filing of the motion").

- 3 -

**at 5:00 PM Mountain Time**.  In their response, Respondents **SHALL INDICATE**, with citations to applicable law:

(1)    whether the government has given Petitioner notice of its intent to remove her to Sierra Leone; and

(2)    whether (and when) Petitioner will have the opportunity to seek withholding of removal to Sierra Leone prior to her removal.

**So ORDERED and SIGNED this 4th day of May 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**